

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RANDAL N. WIIDEMAN,<br><br>        Plaintiff,<br><br>vs.<br><br>HOWARD SKOLNIK,<br><br>        Defendant. | 3: 10-cv-00186-RCJ-RAM<br><br>**ORDER** |

## I.  Motion to Reopen Case

On September 27, 2010, plaintiff filed a motion for voluntary dismissal of this action. (Docket #8.) Accordingly, on October 21, 2010, this court entered judgment, granting plaintiff's motion and dismissing this case. (Docket #10.) On October 29, 2010, plaintiff filed a motion to reinstate the complaint, providing no explanation and stating only that he was mistaken in dismissing it. (Docket #11.) Finding that plaintiff had failed to show good cause for reopening this case, the court denied plaintiff's motion on November 13, 2010. (Docket #13.)

On December 16, 2010, plaintiff filed a motion to vacate the court's order of November 29, 2010, and the judgment entered October 21, 2010. (Docket #14.) In his motion, plaintiff explains that he voluntarily dismissed this case under the mistaken impression that he was directed to

consolidate the claims in this case with those in *Wiideman v. McDaniel, et al*, 3:09-cv-00650-LRH-VPC. Plaintiff explains that he now realizes that he cannot so consolidate the claims in case, as this case concerns different subject matter than that addressed in 3:09-cv-00650-LRH-VPC. He therefore wishes to reopen this case and proceed to resolve the claims contained therein.

The court has considered plaintiff's arguments and finds them meritorious. The court will not, however, vacate its order of November 29, 2010, as it was correctly decided in light of what was before it. Accordingly, the court will construe plaintiff's present motion as a motion to reopen this case and will grant the motion.

## II. Screening Pursuant to 28 U.S.C. § 1915A

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that the Constitution or a statute of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint.

2

When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**III.   Screening of the Complaint**

The United States federal courts are limited to deciding "cases" and "controversies." U.S. Const. art. III, § 2. One of the components of the Article III case or controversy requirement is

standing. The plaintiff has the burden of establishing the three elements of Article III standing: (1) he or she has suffered an injury in fact that is concrete and particularized, and actual or imminent; (2) the injury is fairly traceable to the challenged conduct; and (3) the injury is likely to be redressed by a favorable court decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

In the present case, plaintiff fails to carry his burden of establishing standing. Specifically, plaintiff not allege any injury in fact to himself. He generalized Constitutional violations alleged caused by Administrative Regulation 733. The court finds, therefore, that plaintiff lacks standing in this case. Accordingly, the court must dismiss this case for failure to state a claim upon which relief can be granted. *Canyon County v. Syngenta Seeds, Inc.*, 519 F.3d 969, 975 n. 7 (9th Cir.2008) (citing *Cetacean Cmty.*, 386 F.3d at 1175).

**IT IS THEREFORE ORDERED** that plaintiff's motion to vacate, construed as a motion to reopen this case is **GRANTED**. (Docket #14.)  The case is reopened and the judgment entered October 21, 2010, is vacated.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted. The Clerk is directed to enter judgment accordingly and to close this case.

DATED: December 28, 2010

_____
UNITED STATES DISTRICT JUDGE